UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ZHEN MING CHEN,                                    :

               Plaintiff,                        :            15 Civ. 2158 (RA) (AJP)

          -against-                          :            **AMENDED REPORT AND
                                                                RECOMMENDATION**

NEW FRESCO TORTILLAS TACO LLC, et al.,   :

             Defendants.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Ronnie Abrams, United States District Judge:**

On August 4, 2015, Judge Abrams entered a default judgment for plaintiff Zhen Ming

Chen against defendants "John" Chen and New Fresco Tortillas Taco LLC (Dkt. No. 14: Default

Judgment), and referred this FLSA/NYLL case to me for an inquest as to damages (Dkt. No. 15:

Order of Reference).

For the reasons discussed below, the Court should enter judgment for plaintiff against

the defendants for $44,139.80 (plus continuing prejudgment interest of $0.38 per day until judgment

is entered).

## FACTS

"Where, as here, 'the court determines that defendant is in default, the factual

allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"

Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.)

(quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-

59 (3d ed. 1998)).

**The Complaint**

The complaint (Dkt. No. 1) alleges as follows:

Defendant New Fresco Tortillas Taco LLC owns and operates a restaurant located at 100 West 83rd Street in Manhattan.  (Compl. ¶ 8.)  Defendant "John" Chen is the owner of New Fresco, "and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work." (Compl. ¶¶ 10-11.)

Plaintiff Zhen Ming Chen[1] worked as a delivery man at New Fresco from July 27, 2014 to March 2, 2015.  (Compl. ¶¶ 7, 18.)  Plaintiff worked six days a week from 11 a.m. to 11 p.m. for a flat $1,500 per month, paid in cash.  (Compl. ¶¶ 19-20.)  Plaintiff was not paid minimum, overtime or spread of hours wages as required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  (Compl. ¶¶ 22-24.)   At the time plaintiff was hired, he was not provided with a notice regarding the terms and conditions of his employment, rate of pay, rate of overtime pay and regular pay cycle, nor did he receive regular wage statements when he was paid. (Compl. ¶¶ 33, 87.)  Plaintiff was not reimbursed for expenses related to the electric bicycle he purchased and used to make food deliveries for New Fresco.  (Compl. ¶ 36.)

The complaint alleges that defendants' violations of the FLSA and NYLL were willful.  (Compl. ¶¶ 28, 36.)  The complaint asserts claims for unpaid minimum and overtime wages pursuant to the FLSA and NYLL. (Compl. ¶¶ 57-80.)  The complaint additionally asserts claims for spread of hours pay and for statutory damages for wage statement and notice violations pursuant to the NYLL (Compl. ¶¶ 81-89), and damages under the FLSA for defendants' failure to reimburse

---

[1]     As plaintiff and defendant Chen share the same last name, they will be referred to as plaintiff and defendant, rather than by their names.

plaintiff for "tools of the trade," i.e., the purchase and maintenance of his electric bicycle (Compl. ¶¶ 90-93).  The complaint further seeks liquidated damages (Compl. Prayer for Relief ¶¶ l, m), prejudgment interest (id. ¶ p) and costs and attorneys' fees (id. ¶¶ n, o).

**Inquest Submissions**

In support of inquest damages, plaintiff filed an affidavit saying that he worked as a delivery man at New Fresco from July 27, 2014 to March 2, 2015.  (Dkt. No. 20: Zhen Ming Chen Aff. ¶ 2.)  Plaintiff states that he worked seventy-two hours per week, and more than ten hours per day every day that he worked.  (Zhen Ming Chen Aff. ¶¶ 3-4.)  Plaintiff was paid a flat rate of $1,500 per month throughout his employment.  (Zhen Ming Chen Aff. ¶ 5.)  Plaintiff was not given a wage notice when he was hired, or regular wage statements with his pay.  (Zhen Ming Chen Aff. ¶¶ 6-7.)

Defendants did not submit any papers in opposition to the inquest, and the time to do so has passed.  (See Dkt. No. 16: 8/5/15 Order.)

**ANALYSIS**

**I.     APPLICABLE LEGAL STANDARDS**

The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'"  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

In a FLSA case, in the absence of rebuttal by defendants, plaintiff's recollection and estimate of hours worked is presumed to be correct.  See, e.g., Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192 (1946) ("[A]n employee has carried out his burden [of

4

production under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate."); Grochowski v. Phoenix Constr., 318 F.3d 80, 87-88 (2d Cir. 2003); Harold Levinson Assocs., Inc. v. Chao, 37 F. App'x 19, 20 (2d Cir. 2002), cert. denied, 546 U.S. 933, 126 S. Ct. 415 (2005); Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31 (2d Cir. 2002); Reich v. S. New Eng. Telecomms. Corp., 121 F.3d 58, 66 (2d Cir. 1997); Carrasco v. W. Village Ritz Corp., 11 Civ. 7943, 2012 WL 2814112 at *2 (S.D.N.Y. July 11, 2012) (Peck, M.J.), report & rec. adopted, 2012 WL 3822238 (S.D.N.Y. Sept. 4, 2012).[2/]

## II.    APPLICATION OF THE STANDARDS TO THIS CASE

       The Court has reviewed plaintiff's affidavit (Dkt. No. 20: Zhen Ming Chen Aff.) and

---

[2/]    See also, e.g., Fu v. Pop Art Int'l Inc., 10 Civ. 8562, 2011 WL 4552436 at *2 (S.D.N.Y. Sept. 19, 2011) (Peck, M.J.), report & rec. adopted as modified on other grounds, 2011 WL 6092309 (S.D.N.Y. Dec. 7, 2011); Alejo v. Darna Rest., 09 Civ. 5436, 2010 WL 5249383 at *3 (S.D.N.Y. Dec. 17, 2010) (Peck, M.J.), report & rec. adopted as modified, 2011 WL 165413 (S.D.N.Y. Jan. 18, 2011); Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 388-89 (E.D.N.Y. 2007); Chan v. Sung Yue Tung Corp., 03 Civ. 6048, 2007 WL 313483 at *23-24 (S.D.N.Y. Feb. 1, 2007) (Lynch, D.J.); Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 332-33 (S.D.N.Y. 2005); Liu v. Jen Chu Fashion Corp., 00 Civ. 4221, 2004 WL 33412 at *3 (S.D.N.Y. Jan. 7, 2004) (Peck, M.J.); Mascol v. E & L Transp. Inc., 387 F. Supp. 2d 87, 93-94 (E.D.N.Y. 2005); Moon v. Kwon, 248 F. Supp. 2d 201, 219 (S.D.N.Y. 2002) (Lynch, D.J.); Chao v. Vidtape, Inc., 196 F. Supp. 2d 281, 293 (E.D.N.Y. 2002), aff'd as modified on other grounds, 66 F. App'x 261 (2d Cir.), cert. denied, 540 U.S. 1047, 124 S. Ct. 807 (2003); Cao v. Chandara Corp., 00 Civ. 8057, 2001 WL 34366628 at *4-5 (S.D.N.Y. July 25, 2001); Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 624-25 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.).

damages calculations (Dkt. No. 17: Pl. Proposed Findings & Hang Aff.).  While plaintiff's affidavit leaves something to be desired in terms of the level of detail provided, the Court accepts his estimate that he worked seventy-two hours per week between July 27, 2014 and March 2, 2015.  (Zhen Ming Chen Aff. ¶¶ 2-4.)

A.    **Minimum Wage and Overtime Pay**

To determine plaintiff's  unpaid wages, plaintiff's counsel, Mr. Hang, first converted plaintiff's monthly salary into a weekly salary by multiplying the monthly salary by twelve, and dividing the result by fifty-two.  (Dkt. No. 17-10: Pl. Damage Calculations at 1.)  To determine plaintiff's hourly wage, Mr. Hang then divided plaintiff's weekly salary by forty, to reach an hourly wage of $8.65.  (Id.)  Prior to December 30, 2014, the statutory minimum wage in New York was $8.00 per hour.  N.Y. Labor Law § 652(1).  Accordingly, plaintiff is not owed any minimum wages for the period between July 27, 2014 and December 30, 2014.

On and after December 31, 2014, the statutory minimum wage in New York increased to $8.75 per hour.  N.Y. Labor Law § 652(1).  Accordingly, plaintiff is owed $0.10 for each hour worked between December 31, 2014 and March 2, 2015, up to forty hours per week.  Over an 8.5 week period, this amounts to $34.00 in unpaid minimum wages.

To determine plaintiff's unpaid overtime wages for the period between July 27, 2014 and December 30, 2014, Mr. Hang multiplied plaintiff's hourly wage by 1.5 to reach an overtime wage of $12.98 per hour.  (Pl. Damage Calculations at 1.)  This Court previously has approved this method to determine overtime wages for employees paid a salary intended to compensate for all hours worked (but not including an overtime premium for hours above forty).[3]  Mr. Hang then

---

[3]    See, e.g., Fu v. Pop Art Int'l Inc., 10 Civ. 8562, 2011 WL 4552436 at *3 & n.5 (S.D.N.Y. (continued...)

multiplied plaintiff's overtime premium by the number of overtime hours worked per week and the number of weeks in the period. The Court agrees with this methodology, and accordingly defendants owe plaintiff $9,345.60 in unpaid overtime wages for approximately 22.5 weeks of work.[4/]

On and after December 31, 2014, plaintiff should have received an overtime wage of $13.13 per hour, which is 1.5 times the statutory minimum wage of $8.75 per hour. (See page 5 above.) Mr. Hang again multiplied the overtime premium by the number of plaintiff's overtime hours worked per week and the number of weeks in the period to determine plaintiff's unpaid overtime wages. After rounding the period of employment down to 8.5 weeks, the Court finds that plaintiff is owed $3,571.36 in unpaid overtime wages for his employment between December 31, 2014 and March 2, 2015.

In total, defendants owe plaintiff $12,950.96 in unpaid minimum and overtime wages.

## B.   Spread of Hours Pay

Under New York law, an "employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required by [New York's minimum

---

[3/]     (...continued)
Sept. 19, 2011) (Peck, M.J.) (citing Ting Yao Lin v. Hayashi Ya II, Inc., 08 Civ. 6071, 2009 WL 289653 at *4-5 (S.D.N.Y. Jan. 30, 2009) (Peck, M.J.), report & rec. adopted, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009)), report & rec adopted as modified on other grounds, 2011 WL 6092309 (S.D.N.Y. Dec. 7, 2011).

[4/]     Mr. Hang properly divided plaintiff's employment into two separate periods based upon the prevailing statutory minimum wage. (See Pl. Damage Calculations.) In making his calculations, however, Mr. Hang rounded the first period of employment, from July 27, 2014 through December 30, 2014, down to twenty-two weeks, and the second period of employment, from December 31, 2014 to March 2, 2015, up to nine weeks. For the sake of accuracy, the Court is dividing the week including December 31, 2014, on which date New York's statutory minimum wage increased, into half weeks.

wage law], for any day in which . . . the spread of hours exceeds 10 hours." 12 N.Y.C.R.R. § 142-2.4.  Spread of hours is defined as "the interval between the beginning and end of an employee's workday" and "includes working time plus time off for meals plus intervals off duty."  12 N.Y.C.R.R. § 146-1.6.  Effective as of January 1, 2011, the NYLL was amended such that the spread of hours regulations "apply to all employees in restaurants and all-year hotels, regardless of a given employee's regular rate of pay."  12 N.Y.C.R.R. § 146-1.6(d); see also, e.g., Saravia v. 2799 Broadway Grocery LLC, 12 Civ. 7310, 2014 WL 2011720 at *5 n.4 (S.D.N.Y. May 16, 2014) ("'12 NYCRR § 146-1.6(d) requires that all employees of hospitality industry, which includes restaurants and all-year hotels, receive spread of hours compensation regardless of given employee's regular rate of pay." (quoting Angamarca v. Pita Grill 7 Inc., 11 Civ. 7777, 2012 WL 3578781 at *6 (S.D.N.Y. Aug. 2, 2012))); Yuquilema v. Manhattan's Hero Corp., 13 Civ. 461, 2014 WL 4207106 at *4 (S.D.N.Y. Aug. 20, 2014) (The N.Y.C.R.R. "was amended . . . to extend eligibility effective January 1, 2011 for 'spread of hours' pay to 'all employees in restaurants . . . regardless of a given employee's regular rate of pay.'"), report & rec. adopted, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014); Flores v. Anjost Corp., 284 F.R.D. 112, 119 (S.D.N.Y. 2012).  Plaintiff states that he worked twelve hours per day, six days per week throughout his employment at New Fresco.  (See pages 2, 3 above.)  Accordingly, plaintiff is entitled to one hour's pay at the statutory minimum wage for each day that he worked at New Fresco.

        To determine plaintiff's unpaid spread of hours wages, Mr. Hang multiplied the number of days per week on which plaintiff worked more than ten hours by the statutory minimum wage and the number of weeks in the employment period.  (Dkt. No. 17-10: Pl. Damage Calculations at 2.)  For the 22.5 weeks between July 27, 2014 and December 30, 2014 when the statutory minimum wage was $8.00 per hour, the Court finds that plaintiff is owed $1,080 in spread

of hours pay.  For the 8.5 weeks between December 31, 2014 and March 2, 2015, when the statutory minimum wage was $8.75 per hour, the Court finds that plaintiff is owed $446.25 in spread of hours pay.  In total, plaintiff is owed $1,526.25 in spread of hours pay.

### C.    Tools of the Trade

Plaintiff seeks reimbursement for the purchase and maintenance of an electric bicycle he used to deliver food while employed at New Fresco.  (Dkt. No. 1: Compl. ¶¶ 35-36, 91-92; Dkt. No. 17-10: Pl. Damage Calculations at 2; Dkt. No. 18: Pl. Br. at 9.)

"Vehicles such as bicycles . . . are considered 'tools of the trade' if employees are required to possess and utilize them in the course of their employment."  Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 511 (S.D.N.Y. 2010); see, e.g., Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 257-58 (S.D.N.Y. 2008).  "The FLSA prohibits employers from requiring employees to purchase the tools of their trade . . . 'when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.'"  Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., 08 Civ. 3725, 2010 WL 4159391 at *4 (S.D.N.Y. Sept. 30, 2010) (Chin, D.J.) (quoting 29 C.F.R. § 531.35); see also 29 C.F.R. § 531.35 ("[I]f it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the [FLSA] in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the" FLSA.).  Likewise, under New York law, "[i]f an employee must spend money to carry out duties assigned by his or her employer, those expenses must not bring the employee's wage below the required minimum wage."  12 N.Y.C.R.R. § 146-2.7.

Plaintiff states that he was required to purchase the electric bicycle to deliver food.

(Compl. ¶ 36.)  Plaintiff purchased his electric bicycle for $1,500 and spent $40 per month on bicycle maintenance throughout his employment at New Fresco.  (Compl. ¶ 36; Pl. Damage Calculations at 2.)  Another decision in this District recently found an amount of approximately forty dollars per month reasonable for bicycle repairs.  See, e.g., Maldonado v. La Nueva Rampa, Inc., 10 Civ. 8195, 2012 WL 1669341 at *8 (S.D.N.Y. May 14, 2012) ($500 dollars per year a reasonable cost for bicycle repairs).  Accordingly, the Court accepts plaintiff's claim as to repair costs.  Plaintiff, however, has not provided any supporting documentation about his bicycle purchase, for example, where or when he purchased his bicycle.  Without any supporting documentation, the Court finds plaintiff's claim that his electric bicycle cost $1,500 to be excessive, and reduces that amount to $1,000.  See, e.g., Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., 2010 WL 4159391 at *5 (reducing damages for bicycle purchase and expenses from claimed amount of $1,500 to $500 per year).

Amortized over the course of thirty-one weeks of employment, the price of plaintiff's bicycle and cost of repairs brings his hourly wage below New York's statutory minimum.[5]  Plaintiff was not reimbursed for those costs, and thus is entitled to recover damages.  Accordingly, plaintiff is entitled to $1,320 for defendants' unlawful "tools of the trade" deductions.[6]

### D.    Liquidated Damages

Plaintiff seeks liquidated damages under both the FLSA and the NYLL.  (Dkt. No. 1: Compl. Prayer for Relief ¶¶ l, m; Dkt. No. 17-10: Pl. Damage Calculations; Dkt. No. 17: Pl.

---

[5]    Amortized over the course of his employment (thirty-one weeks), plaintiff's $1,000 bicycle purchase alone amounts to a weekly expense of $32.26.  Divided over a forty hour work week, plaintiff's bicycle purchase brings his hourly wage down by $0.81, to $7.84 per hour.

[6]    In his calculations, Mr. Hang incorrectly calculated the number of months between July 27, 2014 and March 2, 2015 as being nine months.  In calculating plaintiff's damages for monthly bicycle maintenance expenses the Court has reduced that period to eight months.

Proposed Findings ¶¶ 29-35; Dkt. No. 18: Pl. Br. at 8-9.)

Under the FLSA, a plaintiff is entitled to liquidated damages of 100%. 29 U.S.C. § 216(b); see, e.g., Alvarez v. 215 N. Ave. Corp., 13 Civ. 7049, 2015 WL 3855285 at *1 (S.D.N.Y. June 19, 2015); Marfak v. Peretta, 10 Civ. 7785, 2011 WL 1758625 at *1 (S.D.N.Y. May 6, 2011) ("The FLSA imposes the obligation to pay unpaid overtime compensation and 'an additional equal amount as liquidated damages' on employers who violate its requirement that overtime wages be paid." (quoting 29 U.S.C. § 216(b))); Alejo v. Darna Rest., 09 Civ. 5436, 2010 WL 5249383 at *6 (S.D.N.Y. Dec. 17, 2010) (Peck, M.J.), report & rec. adopted as modified, 2011 WL 165413 (S.D.N.Y. Jan. 18, 2011).[7] Here, the FLSA's three-year statute of limitations for willful violations applies, and plaintiff is entitled to liquidated damages on his minimum wage and overtime claims from March 23, 2012. See 29 U.S.C. § 255(a). As the Second Circuit has noted, the FLSA's liquidated damages "are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999) (citing Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583-84, 62 S. Ct. 1216, 1233 (1942)); see also, e.g., Irizarry v. Catsimatidis, 722 F.3d 99, 116 (2d Cir. 2013) ("liquidated damages as authorized by the FLSA are not penalties but rather compensatory damages for the retention of a workman's pay which might

---

[7]    See also, e.g., Vasquez v. Ranieri Cheese Corp., No. 07-CV-464, 2010 WL 1223606 at *18 (E.D.N.Y. Mar. 26, 2010) ("FLSA entitles an employee to recover an amount equal to the unpaid wages (i.e., an additional 100% of the unpaid wages awarded) in the form of liquidated damages."); Dong v. CCW Fashion Inc., 06 Civ. 4973, 07 Civ. 9741, 2009 WL 884680 at *4 (S.D.N.Y. Feb. 19, 2009) ("The FLSA allows for an additional 100% of the amount owed for minimum wage and/or overtime violations, which means that those amounts are doubled."), report & rec. adopted, 2009 WL 884668 (S.D.N.Y. Apr. 1, 2009); Ting Yao Lin v. Hayashi Ya II, Inc., 08 Civ. 6071, 2009 WL 289653 at *7 (S.D.N.Y. Jan. 30, 2009) (Peck, M.J.), report & rec. adopted, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009).

result in damages too obscure and difficult of proof for estimate other than by liquidated damages." (quotations omitted)), cert. denied, 134 S. Ct. 1516 (2014); Reich v. S. New Eng. Telecomms. Corp., 121 F.3d 58, 71 n.4 (2d Cir. 1997) ("Congress provided for liquidated damages as a means of compensating employees 'for losses they might suffer by reason of not receiving their lawful wage at the time it was due.'").

Unlike the FLSA, however, New York's liquidated damages are not compensatory and "'constitute a penalty' to deter an employer's willful withholding of wages due." See, e.g., Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999) (quoting Carter v. Frito-Lay, Inc., 74 A.D.2d 550, 551, 425 N.Y.S.2d 115, 116-17 (1st Dep't 1980), aff'd, 52 N.Y.2d 994, 438 N.Y.S.2d 80 (1981)), cert. denied, 528 U.S. 1119, 120 S. Ct. 940 (2000).

Because the FLSA has a three-year statute of limitations for willful violations, see 29 U.S.C. § 255(a), plaintiff is entitled to federal liquidated damages of 100% for the entirety his unpaid overtime and minimum wages.

In addition to federal liquidated damages, plaintiff also seeks state liquidated damages for his unpaid wages.  (See pages 3, 12 above.)  Courts in this Circuit are split as to whether a plaintiff may recover both federal and state liquidated damages for the same violation. Many decisions hold that a plaintiff may recover both forms of liquidated damages because the FLSA's damages are meant to be compensatory, while the state damages are meant to be punitive. See, e.g., Benavidez v. Plaza Mex., Inc., 09 Civ. 5076, 2014 WL 1133446 at *14 (S.D.N.Y. Mar. 21, 2014) ("[T]he Court agrees with those courts finding that liquidated damages under FLSA and an analogous New York statute serve fundamentally different purposes, namely, FLSA's liquidated damages are compensatory rather than punitive in nature, while liquidated damages under NYLL constitute a penalty to deter an employer's willful withholding of wages due." (quotations &

citations omitted)); Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., 2010 WL 4159391 at *5 ("Both the FLSA and the Labor Law provide for the payment of liquidated damages in appropriate circumstances to employees who have been denied payment of minimum wages or overtime.  Under the FLSA, liquidated damages are compensatory, rather than punitive.  In contrast, liquidated damages under the Labor Law are punitive 'to deter an employer's willful withholding of wages due.' Because liquidated damages under the FLSA and the Labor Law serve fundamentally different purposes, a plaintiff may recover liquidated damages under both the FLSA and the Labor Law." (citations omitted)); Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 261-62 (S.D.N.Y. 2008) ("Liquidated damages under the FLSA are not a penalty. Rather, they are 'compensation to the employee occasioned by the delay in receiving wages caused by the employer's violation of the FLSA.' . . . In contrast, the liquidated damages provided for in the New York Labor Law are punitive in nature.  Because of that distinction, . . . . a prevailing plaintiff who can justify both federal liquidated damages and state-law damages should be eligible to recover both, since they also 'serve fundamentally different purposes'." (citations omitted)).[8/]

"[A]n increasing number of FLSA cases"–especially since the NYLL was amended to provide 100% liquidated damages–have ruled that a plaintiff is not entitled to both federal and

---

[8/]    See also, e.g., Lanzetta v. Florio's Enters., Inc., 08 Civ. 6181, 2011 WL 3209521 at *5 (S.D.N.Y. July 27, 2011) (Chin, D.J.) ("Because of the different purposes the two forms of liquidated damages serve, plaintiff may recover under both statutes without obtaining an impermissible double recovery."); Callier v. Superior Bldg. Servs., Inc., No. 09-CV-4590, 2010 WL 5625906 at *4 (E.D.N.Y. Dec. 22, 2010) ("For claims arising within three years of the date the complaint was filed, I find that [plaintiff] is entitled to liquidated damages under both the FLSA and NYLL."), report & rec. adopted, 2011 WL 222458 (E.D.N.Y. Jan. 21, 2011); Dong v. CCW Fashion Inc., 06 Civ. 4973, 07 Civ. 9741, 2009 WL 884680 at *4 (S.D.N.Y. Feb. 19, 2009) ("In addition to actual damages, plaintiffs may recover liquidated damages under the FLSA and New York State law for the same minimum wage and overtime violations."), report & rec. adopted, 2009 WL 884668 (S.D.N.Y. Apr. 1, 2009).

13

state liquidated damages because they serve the same practical purposes in compensating the plaintiff and deterring wage violations. Yun Hong Hua v. Eight Star Inc., No. 15 CIV. 0275, 2015 WL 2354322 at *4 (E.D.N.Y. May 15, 2015) (collecting cases) ("[T]he use of the FLSA and state law to award double liquidated damages is effectively a judge-created treble damage remedy that neither legislature, Congress or New York, has envisioned."); Inclan v. N.Y. Hospitality Grp., Inc., 12 Civ. 4498, --- F. Supp. 3d ----, 2015 WL 1399599 at *12 (S.D.N.Y. Mar. 26, 2015) (citing cases); Pineda-Herrera v. Da-Ar-Da, Inc., No. 09-CV-5140, 2011 WL 2133825 at *4-5 (E.D.N.Y. May 26, 2011) ("[B]oth forms of damages seek to deter wage-and-hour violations.  Both do so in a manner calculated to compensate the party harmed.  Because this Court finds no persuasive basis to distinguish the two forms of damages, the Court will award the greater of the two where both forms of damages are otherwise available for the same violations." (citations omitted)); Chun Jie Yin v. Kim, No. 07 CV 1236, 2008 WL 906736 at *7 (E.D.N.Y. Apr. 1, 2008) ("[T]o the extent the 'liquidated damages' available under the FLSA can properly be characterized as compensation, it is apparent that the 'liquidated damages' available under the state statute compensates the exact same harm-namely, the harm caused by the defendant's culpable state of mind.  As a result, it would be improper to award [plaintiff] both forms of compensation for the same harm.").[9]

       This Court previously ruled in Fu v. Pop Art Int'l, 10 Civ. 8562, 2011 WL 4552436

---

[9]    See also, e.g., Jin v. Pac. Buffet House, Inc., No. CV-06-579, 2009 WL 2601995 at *9 (E.D.N.Y. Aug. 24, 2009) (Rejecting double recovery because "[r]egardless of the purpose, the award under the FLSA is four times the award under state law, and thus is more than sufficient to satisfy any punitive purpose the state law is intended to serve."); Pavia v. Around The Clock Grocery, Inc., No. 03 CV 6465, 2005 WL 4655383 at *8 n.13 (E.D.N.Y. Nov. 15, 2005) (New York Labor Law "provides for a payment of liquidated damages of 25% of all unpaid regular wages, including spread of hours wages.  As the Court has already recommended liquidated damages calculated under the FLSA for the unpaid minimum and overtime wages, [plaintiff] is only entitled to receive 25% of his spread of hours wages under state law.").

at *3-5 (S.D.N.Y. Sept. 19, 2011) (Peck. M.J.), <u>report & rec. adopted as modified on other grounds</u>,

2011 WL 6092309 (S.D.N.Y. Dec. 7, 2011), that liquidated damages should not be awarded under

both the FLSA and the NYLL for the same time period.  Because both forms of liquidated damages

serve the same purpose and have the same practical effect of deterring wage violations <u>and</u>

compensating underpaid workers,<u>10/</u> this Court will award liquidated damages only under the FLSA

on plaintiff's unpaid minimum and overtime wages.<u>11/</u>  Accordingly, plaintiff is entitled to liquidated

damages under the FLSA of $12,950.96.

Under the NYLL, unless defendants demonstrate "a good faith basis for believing that

. . . underpayment of wages was in compliance with the law," plaintiff is entitled to liquidated

damages of 100%.  <u>See</u> N.Y. Labor Law §§ 198(1-a), 663(1).  Defendants' default precludes a

showing of a good faith basis for believing its underpayment was in compliance with law.  <u>See</u>, <u>e.g.</u>,

<u>Guaman</u> v. <u>Krill Contracting, Inc.</u>, No. 14-CV-4242, 2015 WL 3620364 at *10 (E.D.N.Y. June 9,

2015); <u>Galeana</u> v. <u>Lemongrass on Broadway Corp.</u>, 10 Civ. 7270, --- F. Supp. 3d ----, 2014 WL

1364493 at *8 (S.D.N.Y. Apr. 4, 2014).  Accordingly, plaintiff is entitled to liquidated damages of

100% on his unpaid spread of hours claim, which amount to a total of $1,526.25.

In total, plaintiff is entitled to liquidated damages of $14,477.21.

### E.   Wage Notice and Statement Violations

Plaintiff seeks to recover damages for defendants' failure to provide regular wage

statements and annual wage notices as required by New York's Wage Theft Prevention Act

---

[10] This is even more true now that the New York Labor Law's liquidated damages provision has been amended to mirror the FLSA by providing 100% liquidated damages.  <u>See</u> N.Y. Labor Law § 198(1-a) (as amended Apr. 9, 2011).

[11] Plaintiff's damage calculations (Dkt. No. 17-10) do not seek liquidated damages on his tools of the trade claim.

("WTPA"), an amendment to the New York Labor Law effective April 9, 2011.  (See Dkt. No. 18:

Pl. Br. at 9-10.)  The WTPA requires employers to

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. . . . [T]he statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

 N.Y. Labor Law § 195(3).

Prior to February 27, 2015, the WTPA entitled employees to recover statutory

damages for violations of the wage statement requirement of $100 per work week, not to exceed

$2,500.  See 2010 N.Y. Laws ch. 564 § 7, amending N.Y. Labor Law § 198(1–d).  As plaintiff

asserts that he never was given a compliant wage statement (see page 3 above), he is entitled to $100

per week for the 30.5 weeks of employment between July 27, 2014 and February 26, 2015.  Because

this figure exceeds the statutory maximum, plaintiff's recovery is capped at $2,500 for defendants'

wage statement violations during that period.  On and after February 27, 2015, however, the WTPA

entitles plaintiff to $250 for each work day that the violation occurred, not to exceed $5,000.  N.Y.

Lab. Law § 198(1-d).  Accordingly, for the final four days of his employment, plaintiff is entitled

to an additional $1,000 for defendants' wage statement violations.

Plaintiff also asserts that he was not provided with a wage notice at the time of hiring.

(See page 3 above.)  The WTPA requires that at the time of hiring, employers furnish each employee

> in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred

> ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

N.Y. Labor Law § 195(1)(a).

Prior to February 27, 2015, the WTPA entitled employees to recover statutory damages for wage notice violations of $50 per work week, not to exceed $2,500. See 2010 N.Y. Laws ch. 564 § 7, amending N.Y. Labor Law § 198(1–b). Thus, for the 30.5 weeks of his employment between July 27, 2014 and February 26, 2015, plaintiff is entitled to $1,525 for defendants' wage notice violation. On and after February 27, 2015, the WTPA entitles plaintiff for $50 for each workday that the violation occurred, not to exceed $5,000. N.Y. Lab. Law § 198(1-b). Accordingly, for the final four days of his employment, plaintiff is entitled to an additional $200 for defendants' wage notice violation.

These amounts total $5,225. However, plaintiff's inquest submission only sought $4,050 for defendants' wage notice and statement violations. (Pl. Damage Calculations at 2.) The Court cannot award plaintiff more than he sought, and so he should be awarded $4,050 for this part of his claim.

### F. Prejudgment Interest

Plaintiff seeks prejudgment interest on his claims. (See page 3 above; see also Dkt. No. 17-10: Pl. Damage Calculations; Dkt. No. 18: Pl. Br. at 10.)

Interest is not awarded under the FLSA, as interest is assumed to be included under liquidated damages. See, e.g., Brock v. Superior Care, Inc., 840 F.2d 1054, 1065 (2d Cir. 1988) ("It is well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in addition to liquidated damages."); Paz v. Piedra, 09 Civ. 3977, 2011 WL

121103 at *13 (S.D.N.Y. Jan. 12, 2012); Fu v. Pop Art Int'l Inc., 10 Civ. 8562, 2011 WL 6092309 at *2 (S.D.N.Y. Dec. 7, 2011).  For that reason, courts do not award statutory prejudgment interest on any portion of the recovery for which liquidated damages were awarded under the FLSA.  See, e.g., Tackie v. Keff Enters. LLC, 14 Civ. 2074, 2014 WL 4626229 at *5 & n.5 (S.D.N.Y. Sept. 16, 2014) ("[P]laintiffs are entitled to prejudgment interest on any compensatory damages awarded under the NYLL for which there is no corresponding award of liquidated damages under FLSA."); Galeana v. Lemongrass on Broadway Corp., 10 Civ. 7270, --- F. Supp. 3d ----, 2014 WL 1364493 at *11 (S.D.N.Y. Apr. 4, 2014).

The Second Circuit has held that even where a plaintiff is awarded liquidated damages under the New York Labor Law, prejudgment interest still is appropriate.  See, e.g., Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999); Begum v. Ariba Disc., Inc., 12 Civ. 6620, 2015 WL 223780 at *3 (S.D.N.Y. Jan. 16, 2015); McLean v. Garage Mgmt. Corp., 09 Civ. 9325, 10 Civ. 3950, 2012 WL 1358739 at *10 (S.D.N.Y. Apr. 19, 2012) ("Because NYLL liquidated damages and prejudgment interest 'serve fundamentally different purposes', the Court of Appeals has observed that plaintiffs may recover both for the same unpaid wages."); Olvera v. New Ko-Sushi, 10 Civ. 4643, 2011 WL 724699 at *5 (S.D.N.Y. Feb. 16, 2011).  This is because "'[p]re-judgment interest and liquidated damages under the [New York] Labor Law are not functional equivalents.'"  Fu v. Pop Art Int'l, Inc., 2011 WL 6092309 at *2 (quoting Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d at 265).

There is a split in this Circuit as to whether prejudgment interest should be allowed on unpaid wages which are owed under both the FLSA and NYLL.  Compare, e.g., Galeana v. Lemongrass on Broadway Corp., 2014 WL 1364493 at *11, and Janus v. Regalis Constr., Inc., No. 11-CV-5788, 2012 WL 3878113 at *9 (E.D.N.Y. July 23, 2012) (declining to award prejudgment

interest on overlapping claims), report & rec. adopted, 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012),

with Peralta v. M & O Iron Works, Inc., No. 12-CV-3179, 2014 WL 988835 at *12 (E.D.N.Y. Mar.

12, 2014), and Cesario v. BNI Constr. Inc., 07 Civ. 8545, 2008 WL 5210209 (S.D.N.Y. Dec. 15,

2008) (awarding prejudgment interest on overlapping claims), report & rec. adopted, 2009 WL

424136 (S.D.N.Y. Feb. 19, 2009).   The same logic which prevents this Court from allowing

cumulative liquidated damages under both the NYLL and FLSA, see, e.g., Fu v. Pop Art Int'l Inc.,

10 Civ. 8562, 2011 WL 4552436 at *3-5 (S.D.N.Y. Sept. 19, 2011) (Peck, M.J.), report & rec.

adopted as modified on other grounds, likewise prevents prejudgment interest on overlapping claims

for which FLSA liquidated damages have been awarded.

   The NYLL spread of hours claim has no FLSA counterpart.   Accordingly, New

York's statutory interest rate of nine percent, C.P.L.R. § 5004, is applied to plaintiff's NYLL spread

of hours wage claims.   Because the unpaid spread of hours wages occurred at different times,

interest is calculated pursuant to C.P.L.R. § 5001(b)[12] from the midpoint of plaintiff's employment

at New Fresco.[13]

   Plaintiff began working for New Fresco on July 27, 2014 and ceased on March 2,

2015.   (See page 3 above.)   The midpoint date of his employment is November 22, 2014.   The period

from November 22, 2014 to September 25, 2015, the date of this Report and Recommendation, is

307 days.   At a rate of nine percent simple interest per year on the $1,526.25 spread of hours

---

[12] C.P.L.R. § 5001(b) provides that "[w]here . . . damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."

[13] Prejudgment interest applies only to the spread of hours compensatory damages and not also to the New York Labor Law liquidated damages on those wages.   See, e.g., Janus v. Regalis Constr., Inc., No. 11-CV-5788, 2012 WL 3878113 at *8 (E.D.N.Y. July 23, 2012); report & rec. adopted, 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012); Chan v. Sung Yue Tung Corp., 03 Civ. 6048, 2007 WL 1373118 at *10 (S.D.N.Y. May 8, 2007) (Lynch, D.J.).

damages, defendants owe plaintiff $115.38.[14]

### G.      Attorneys' Fees and Costs

Under the FLSA and NYLL, a prevailing plaintiff is entitled to reasonable attorneys'

fees and costs.  29 U.S.C. § 216(b); N.Y. Labor Law § 663(1); accord, e.g., Young v. Cooper

Cameron Corp., 586 F.3d 201, 208 (2d Cir. 2009) ("The FLSA provides that a court 'shall, in

addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to

be paid by the defendant, and costs of the action.'"); Barfield v. N.Y.C. Health & Hosps. Corp., 537

F.3d 132, 151 (2d Cir. 2008) ("In addition to providing for liquidated damages, the FLSA directs

courts to award prevailing plaintiffs reasonable attorney's fees and costs."); Imbeault v. Rick's

Cabaret Int'l Inc., 08 Civ. 5458, 2009 WL 2482134 at *1 (S.D.N.Y. Aug. 13, 2009) (Lynch, D.J.)

("Both the FLSA and the NYLL provide that a prevailing plaintiff may seek an award of reasonable

attorneys' fees and costs, to be paid by the defendants.").[15]

Mr. Hang stated that his costs were $487.50: $400 filing fee for the complaint, and

$87.50 for service.  (Dkt. No. 17: Pl. Proposed Findings ¶ 53; Dkt. No. 17-11: Hang Costs.)  The

receipt and check copy submitted by Mr. Hang reflect only $470.50 in costs.  (Hang Costs.)

---

[14]      Prejudgment interest will continue to accrue at the rate of $0.38 per day until judgment is entered.

[15]      See also, e.g., Garcia v. Jambox, Inc., 14 Civ. 3504, 2015 WL 2359502 at *2 (S.D.N.Y. Apr. 27, 2015) ("The FLSA and the NYLL grant prevailing plaintiffs their attorney's fees 'to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" (quoting Aguilera v. Cookie Panache, 13 Civ. 6071, 2014 WL 2115143 at *2 (S.D.N.Y. May 20, 2014)); Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) (Peck, M.J.) ("Under the FLSA and N.Y. Labor Law, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs."); Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 473 (S.D.N.Y. 2009) ("In an action pursuant to the FLSA, a 'prevailing party' must be awarded reasonable attorneys' fees and costs . . . .  Likewise, the NYLL requires that '[i]n any action . . . in which the employee prevails, the court shall allow such employee reasonable attorney's fees . . . .'"(citations omitted)).

Accordingly, the Court should award plaintiff $470.50 in costs.

Plaintiff requests $10,255 in attorneys' fees.  (Pl. Proposed Findings ¶ 5.)  Plaintiff seeks an hourly rate of $350 per hour for Mr. Hang.  (Pl. Proposed Findings ¶ 48; Dkt. No. 17-12: Hang Aff. ¶¶ 18-19.)  Mr. Hang has been practicing law for ten years, and spends approximately seventy percent of his time on employment law issues.  (Pl. Proposed Findings ¶ 46; Hang Aff. ¶ 20.)  "Courts in this District have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450."  Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012); see also, e.g., Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 514 (S.D.N.Y. 2011) (Peck, M.J.) (approving partner's $450 hourly rate as "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases." (citing cases)).  Courts in this Circuit recently have found $350 per hour to be a reasonable rate for Mr. Hang's services, given his employment litigation experience.  Yun Hong Hua v. Eight Star Inc., No. 15 CIV. 0275, 2015 WL 2354322 at *4 (E.D.N.Y. May 15, 2015); Liang Huo v. Go Sushi Go 9th Ave., 13 Civ. 6573, 2014 WL 1413532 at *7 (S.D.N.Y. Apr. 10, 2014).  Accordingly, the Court finds that the rate requested is reasonable.

Mr. Hang has provided contemporaneous billing records and seeks reimbursement for 29.3 hours of work.  (Dkt. No. 17-2: Billing Records.)  While this is not an excessive number of hours, some of the billing entries are vague, others reflect administrative work, and time spent on certain tasks seems excessive.[16]  Accordingly, the $10,255 in fees sought by plaintiff should be reduced by ten percent, to $9,229.50.  See, e.g., Lora v. J.V. Car Wash, Ltc., 11 Civ. 9010, 2015 WL

---

[16]    For example, counsel spent 7.6 hours preparing and an additional 2.6 hours finalizing the motion for default judgment, 0.3 hours serving the entry for default judgment, and 6.5 hours preparing inquest papers (which appear to be largely boiler plate, used in prior motions, and based upon calculations already made in preparation for settlement).  (Billing Records.)

4496847 at *14 (S.D.N.Y. July 24, 2015) (Peck, M.J.); Gonzalez v. Scalinatella, Inc., 13 Civ. 3629,

--- F. Supp. 3d ----, 2015 WL 3757069 at *22-23 (S.D.N.Y. Jun. 12, 2015) (reducing excessive fees

for one attorney by 10%); Lane Crawford LLC v. Kelex Trading (CA) Inc., 12 Civ. 9190, 2013 WL

6481354 at *10 (S.D.N.Y. Dec. 3, 2013) (Peck, M.J.) (reducing attorneys' fees by 15% for excessive

time and vague, duplicative billing entries), report & rec. adopted, 2014 WL 1338065 (S.D.N.Y.

Apr. 3, 2014); Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (Peck,

M.J.) (reducing attorneys' fees by 7% for duplicative work and excess time spent on certain

projects); Trustees of N.Y. Oil Heating Ins. Fund v. Anchor Tank Lines Corp., 09 Civ. 9997, 2011

WL 767162 at *5 (S.D.N.Y. Mar. 4, 2011) (Peck, M.J.) (reducing attorneys' fees by 10%), report

& rec. adopted in relevant part, 2011 WL 1641981 (S.D.N.Y. Apr. 29, 2011); VFS Fin., Inc. v.

Pioneer Aviation LLC, 08 Civ. 7655, 2009 WL 2447751 at *5 & n.8 (S.D.N.Y. Aug. 11, 2009)

(Peck, M.J.) (10% fee reduction where "attorneys' billing entries are overly vague or duplicative."

(citing cases)); Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp., 04 Civ. 3854,

2008 WL 4833025 at *7 (S.D.N.Y. Nov. 3, 2008) (Peck, M.J.) (5% across-the-board fee reduction)

(citing cases)); Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc., 04 Civ. 2666, 2008 WL

4925020 at *2 (S.D.N.Y. Nov. 10, 2008) (Daniels, D.J. & Peck, M.J.) (5% fee reduction "to take

into account attorney hours billed for the performance of paralegal-type work, as well as duplicative

charges.").

Accordingly, plaintiff is entitled to $9,700 in attorneys' fees and costs.

### H.   Joint and Several Liability

Under both the FLSA and NYLL, individual defendant Chen is considered an

employer and thus individually liable along with New Fresco.  29 U.S.C. § 203(d); N.Y. Labor Law

§§ 2(5)-(6); see, e.g., Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139-40 (2d Cir. 1999);

Guaman v. Krill Contracting, Inc., No. 14-CV-4242, 2015 WL 3620364 at *3 (E.D.N.Y. June 9, 2015); Liu v. Jen Chu Fashion Corp., 00 Civ. 4221, 2004 WL 33412 at *6 (S.D.N.Y. Jan. 7, 2004) (Peck, M.J.); Chang v. New Silver Palace Rest., Inc., 272 F. Supp. 2d 314, 318 & n.6 (S.D.N.Y. 2003) (test for employer under N.Y. Labor Law is same as Herman test under FLSA).  Because defendants defaulted, defendants cannot now challenge liability, and thus all defaulting defendants are held jointly and severally liable.  See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158, 161 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . ."), cert. denied, 506 U.S. 1080, 113 S. Ct. 1049 (1993); Mestousis Enters. Inc., v. Concord Blue Inc., 11 Civ. 3384, 2012 WL 254987 at *5 n.13 (S.D.N.Y. Jan. 27, 2012) (Peck, M.J.), report & rec. adopted, 2012 WL 1193752 (S.D.N.Y. Apr. 10, 2012); Felix Produce Corp., v. New Lots Food Corp., No. 08-CV-5161, 2009 WL 2985444 at *2 (E.D.N.Y. Sept. 14, 2009) ("By virtue of the well-pleaded factual allegations in the complaint which are deemed true by virtue of [defendants'] default, the undersigned finds that [plaintiff] has established joint and several liability . . . ."); Ting Yao Lin v. Hayashi, 08 Civ. 6071, 2009 WL 289653 at *8 (S.D.N.Y. Jan. 30, 2009) (Peck, M.J.); La Barbera v. Les Sub-Surface Plumbing, Inc., No. 06 CV 3343, 2008 WL 906695 at *4 (E.D.N.Y. Apr. 3, 2008) ("[P]laintiffs have adequately pled, and by virtue of defendants' default, have established the joint and several liability of" defendants.); Chaman LAL Setia Exports Ltd. v. Sawhney, 00 Civ. 2838, 2003 WL 21649652 at *4 (S.D.N.Y. May 28, 2003) ("[D]efendants' joint and several liability is established by the allegations made in the complaint and [the District Judge's] granting of a default judgment.").

## CONCLUSION

In conclusion, the Court should enter judgment for plaintiff against the defendants,

Chen and New Fresco Tortillas Taco LLC,  jointly and severally, for $44,139.80[17] as follows:

| | |
|---|---|
| Unpaid Minimum and Overtime Wages | $12,950.96 |
| Unpaid Spread of Hours Wages | $1,526.25 |
| Unlaw Deductions for Tools of the Trade | $1,320 |
| Liquidated Damages (FLSA & NYLL) | $14,477.21 |
| Wage Notice and Statement Violations | $4,050 |
| Prejudgment Interest | $115.38 |
| Attorneys' Fees and Costs | $9,700 |
| **Total** | $44,139.80 |

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams, 40 Foley Square, Room 2203, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Abrams (with a courtesy copy to my chambers).   Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Frank v. Johnson, 968

---

[17]     With continuing post-judgment interest at the rate of $0.38 per day until judgment is entered.

24

F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:          New York, New York
                September 25, 2015


                                                Respectfully submitted,


                                                **Andrew J. Peck**
                                                United States Magistrate Judge

Copies to:      New Fresco Tortillas Taco (mail)
                Counsel (ECF)
                Judge Ronnie Abrams